D. Maimon Kirschenbaum
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JORGE ABAD,

        Plaintiff,

v.

YOUMAN, MADEO & FASANO LLP and
RODNEY YOUMAN,

        Defendants.
------------------------------------------------------------x

COMPLAINT

DEMAND FOR JURY TRIAL

1.     Plaintiff alleges as follows:

## JURISDICTION AND VENUE

2.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District because Defendants conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.  Defendants Youman, Madeo & Fasano LLP. ("YMF or Defendants") is an immigration law firm with several offices in New York.

5.  Defendants Rodney Youman ("Youman" or "Defendants") is a partner at YMF and exercises sufficient control of its day-to-day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York Labor Law.

6.  Plaintiff Jorge Abad was employed by Defendants as a paralegal at Defendants' offices in Queens and Manhattan from 2004 until June 2012. When Abad began his employment, the name of the firm was Youman and Associates. In or around April 2011, the firm merged with another firm and became Youman, Madeo & Fasano LLP.

## FACTS

7.  Defendants committed the following alleged acts knowingly, intentionally and willfully.

8.  Defendants knew that nonpayment of overtime would economically injure Plaintiff and violated federal and state laws.

9.  Plaintiff received an hourly wage and kept track of his time worked by punching in and out with a timecard.

10. Plaintiff typically worked between 50 and 60 hours per week.

11. Defendants paid Plaintiff $25 per hour for all hours he worked, including hours worked in excess of forty per week. As a result, Plaintiff was not paid any overtime premium for hours he worked in excess of forty (40) per workweek.

## FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

12. Plaintiff realleges and incorporates by reference all previous paragraphs.

13. Plaintiff worked in excess of forty (40) hours per workweek.

2

14. Defendants willfully, regularly and repeatedly failed to pay Plaintiff the required overtime rate of one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

15. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(New York Overtime Violations,
N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2)

16. Plaintiff realleges and incorporates by reference all previous paragraphs.

17. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

18. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times his regular wage for hours worked in excess of forty (40) hours per workweek.

19. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

    A.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    B.    Costs of action incurred herein, including expert fees;

    C.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

    D.    Pre-Judgment and post-judgment interest, as provided by law; and

    E.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
July 18, 2012

Respectfully submitted,

JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum

233 Broadway
5th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

4